Hillsborough, } No. 3285.
Jan. 6, 1942. }

THOMAS C. PLANTE *v.* M. SHORTELL & SON, INC., *Prin. Def't:*
MERCHANTS NATIONAL BANK, *Trustee.*

*Sullivan & Dolan (Mr. Dolan* orally), for the plaintiff.

*Wyman, Starr, Booth, Wadleigh & Langdell (Mr. Wadleigh* orally), for the trustee.

BRANCH, J. The trustee takes the position that plaintiff's exception to the order discharging it raises no question of law, and relies upon the rule that "a party cannot question the sufficiency

of evidence to support a verdict or material issue in a case by motion after the case has been submitted to the court or jury or by exception to the verdict." *Head & Dowst Co.* v. *Club*, 75 N. H. 449, 450. This contention must be overruled. The hearing in the present case was designed exclusively to secure a ruling of law as to the chargeability of the trustee. No other question was involved. The plaintiff's exception to the order of the court adequately challenged the correctness of that ruling and by the allowance of the bill of exceptions the question is properly presented to this court for decision. The rule above quoted has frequently been relaxed in cases tried by the court and has no application to the present situation.

The trustee relies upon the principle stated in a note to *Walters* v. *Bank*, (59 Pac. Rep. (2d) 983) in 106 A. L. R. 62, as follows: "It is clearly the general rule that a bank may set off against the matured indebtedness of its depositor the latter's bank account, although it has been garnishe[e]d at the instance of a creditor of a depositor." This is not an independent principle of law conferring upon banks an unrestricted right to apply deposits against the debts of depositors to the bank. It merely embodies a recognition of the principle also stated in the note above referred to, that at law an attaching creditor stands in the shoes of the debtor and any offset which might be used against the debtor by the garnishee is equally available against the attaching creditor. In other words, if the bank was legally entitled to set off a deposit against the debt of the depositor, it may still exercise that right in spite of the trustee-process. Hence the rights of the trustee are to be determined by the ordinary rules of set-off.

It is a cardinal rule governing the allowance of set-offs that the debts involved must be mutual, P. L., *c.* 335, *s.* 7, *i.e.*, "due to and from the same persons in the same capacity. . . . A joint debt can not be set off against a separate demand nor a separate debt against a joint demand where the statute authorizes mutual demands only to be set off." *Brown* v. *Warren*, 43 N. H. 430, 435; *Dole* v. *Chattabriga*, 82 N. H. 396. Here the debt of the defendant against which the trustee seeks to set off the deposit, consists of a note payable to the Reconstruction Finance Corporation in which the trustee had purchased a fifty per cent participation. In the view most favorable to the trustee it was a debt due jointly to the bank and the corporation. It appears to come squarely within the rule that a joint debt cannot be set off against a separate demand, and

unless the position of the trustee is affected by other considerations, it follows that the set-off must be disallowed.

In order to escape this conclusion, the trustee invokes the doctrine of equitable set-off, and argues that, in equity, it should be regarded as a partial assignee of the note, entitled as such to enforce payment of its share against the defendant and consequently entitled to set off this amount against the defendant's deposit. This contention cannot be adopted. It is everywhere understood that an assignee of a *chose in action* takes the same subject to all defences against it in the hands of the assignor at the time of the assignment. *Thompson* v. *Emery*, 27 N. H. 269; *Dearborn* v. *Nelson*, 61 N. H. 249. As a necessary corollary of this proposition it follows that a partial assignment of an obligation cannot be made in such a way as to defeat any legal or equitable defence to which it may be subject in the hands of the assignor. *Burton* v. *Willin*, 6 Houst. 522; 4 Am. Jur., Title, Assignments, *s.* 67. *A fortiori* a partial assignment will not be given effect in equity when, as here, the sole purpose of the party claiming it is to defeat a defence which the debtor, and through him the plaintiff, had against a claim of set-off.

*Exceptions sustained:*
*trustee charged.*

All concurred.